MURDOCK, Judge,
dissenting.
I would grant the mother’s application for rehearing; therefore, I respectfully dissent.
The trial court decided this case largely in reliance on Dr. Kirkland’s opinion that the mother unjustly attempted to alienate the children from the father. Such an opinion necessarily had to be based upon the premise that the mother did not have a reasonable basis to believe that the father had sexually abused the parties’ son because, if a mother had such a reasonable basis, one certainly would expect (indeed, the law would expect) her, if she is a loving and fit parent, to react strongly in such circumstances. In other words, unless we are willing to substitute the courts for parents when it comes to deciding what is reasonably necessary for the protection and best interests of the parents’ own children, the issue cannot be whether a father actually commits sexual abuse in a case such as this. In my view, therefore, the trial court’s opinion in the present case can only be sustained if the mother did not have a reasonable basis for believing the father abused the parties’ son. This was a factual issue for the trial court itself, not an expert, to decide.
I thus see two problems with the result reached in this case. First, I simply do not see how the information available to the mother was not sufficient to give her a reasonable basis for her beliefs. I take no comfort in Dr. White’s testimony that her examination of the child’s anus was normal, because she also testified that such “normal” examinations were typical in sexual-abuse cases. Moreover, the mother testified that, upon return from visitation with the father, the son’s anus was red and he complained that it was sore, that he was “clingy,” and that the son told her that the father “had dug in his bottom.” The mother also testified that the son had described a white thing put into his anus by the father that “goes all the way to God,” and that the son had told his preschool teacher that the father had “dug in his bottom with a wiggly knife.” Furthermore, Dr. White testified at trial concerning her conversation with the child.
“Q. And what were his — what did he relate to you?
“A. He said, I told my teacher about my Dad — and then he kind of paused— about something that’s bad. What my dad hit, is what I believe he said. And then he paused and then said, he was about to cut my head off.
“He just kind of talked slower and slower. His little face looked so — I say worried or serious. And then he just stopped. He didn’t say anything else. So that’s what he told me.”
Dr. Swanson, a psychologist, testified at trial:
“Q. Would you anticipate or do you have an opinion of whether or not [the mother] believes today whether her [daughters] have been sexually abused?
“A. When I — let me say that at the time that I was working with them, I think that [the mother] was convinced that they were sexually abused, and from what brief contact I’ve had with her since then, I think she’s very concerned that [the son] has been.
“Q. Do you believe that based upon all of the opinions that have been elicited with regard to the abuse of [the daughters], specifically the opinion of four medical providers — specifically Dr. O’Haron — that the abuse occurred, that [the mother] in this case is being irrational?
“A. I myself am convinced that the abuse occurred with [the daughters] and *1184 have that reflected in my progress notes with various things that have happened. And I can understand where [the mother] would be concerned; if [the son] gets to be the same age if there’s some kind of symptoms or something he’s talking about, that she would be very concerned about that.”[1]
Dr. Kirkland testified with respect to all three children: “I cannot find any credible evidence to support abuse by any person.” I find this statement to be contrary to the record before us, much of which is outlined in the opinion on original submission. Furthermore, such a statement reveals that Dr. Kirkland’s ultimate conclusion was based, at least in part, on a premise that no sexual abuse actually occurred. The issue in evaluating the mother’s actions, however, is whether the mother had a reasonable basis for believing that abuse had occurred.
Second, I am concerned that the trial court failed to directly confront the aforesaid issue. Specifically, it appears that the trial court preempted its consideration of this issue by giving weight to Dr. Kirkland’s opinion that the mother had acted unreasonably. Logically, the opinion expressed by Dr. Kirkland would have to be premised on a negative answer to the question whether the mother had reason to believe the father had committed sexual abuse. This was an issue within the province of the trial court, not one to be decided by an expert, and the trial court should have directly decided the issue based on the evidence presented to it.
I respectfully dissent.

. As indicated by Dr. Swanson, the prior abuse of the mother’s daughters by a member of the father’s family serves as a predicate in evaluating the mother’s reaction to the circumstances at issue involving the son.